FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.
★ SEP 19 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ANTONIO D. GIBBS,

                Plaintiff,

                **MEMORANDUM AND ORDER**

   -v-

                02-CV-2424(LB)

ADMINISTRATION FOR CHILDREN'S SERVICES,

                Defendant.
-------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff's notice of appeal, dated September 6, 2005, was received by this Court's Pro Se Office on September 8, 2005. Plaintiff seeks to appeal from the Court's judgment entered on January 25, 2005 granting defendant's motion for summary judgment. Although plaintiff's circumstances are unique and compelling, the Court is without jurisdiction to consider plaintiff's out of time appeal under the Federal Rules of Appellate Procedure.

      In 1991, the Federal Rules of Appellate Procedure were amended and a new subdivision, Rule 4(a)(6) was added that provides:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds no party would be prejudiced.

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on

the onetime practice of vacating the judgment and reentering the same judgment in order to create a new appeal period." 16(A) Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.6 (3d ed. 1998 & Supp. 2005).

A brief review of the proceedings is in order. Plaintiff brought the underlying employment discrimination action *pro se* against his employer in April of 2002. After three pretrial conferences with the Court, the parties consented to trial by Magistrate Judge under 28 U.S.C. § 636(c). After the close of discovery, in February 2003, defendant filed a motion for summary judgment. In April of 2003, plaintiff retained attorney Gil A. Chachkes to represent him and the Court extended plaintiff's time to oppose defendant's motion. Plaintiff's counsel failed to file the opposition by the set deadline. The Court ordered plaintiff's attorney to file the opposition and to show cause why sanctions should not be imposed. In August 2003, plaintiff's attorney responded to the Court's order and filed plaintiff's opposition to defendant's summary judgment motion.

In January 2005, the Court granted defendant's motion for summary judgment and directed the Clerk to enter judgment. Judgment was entered on January 25, 2005. However, on February 7, 2005, the mail sent to plaintiff's attorney, Gil Chachkes, was returned to the Court with the notation "Not Deliverable as Addressed. Unable to Forward". No further action was taken.

Plaintiff submitted his *pro se* notice of appeal as well as a form motion for an extension of time to file a notice of appeal on September 8, 2005. The notice and motion state in relevant part:
1. The attorney on the case did not tell me that the case was dismissed on 1/21/05. 2. The attorney on the case left no forwarding address or telephone number. 3. The attorney on the case has resigned from the Bar. 4. The last time I

saw Mr. Gil Chachkes was on March 29, 2005. The Discrimination the Gender Discrimination and Retaliation was still going on at 151 W. Broadway. NY, NY. I was wrongfully suspended for two days and he had represented me at the Disciplinary Hearing, which was located at 180 Water St. 2nd floor. NY, NY. While we were waiting for the Disciplinary Representative, Patricia Tucker, I had asked Mr. Chachkes the status of the Discrimination case. He assured me that the case was fine and he was waiting for the Judges decision. But according to the paper work, the decision was already made 1/21/05. ... The Last known address he left was 302 Henry St. Brooklyn, NY 11201. When I went to that location he nor anyone else, was there anymore. The entire office was deserted. In addition, the last known telephone number... is disconnected as well. So I went to the Court on 9/6/05 to check the status of the case and there, the Pro Se clerk informed me the case was dismissed since 1/21/05. In conclusion, I ask the court to grant me a reinstatement period, due to the attorney's misrepresentation and in order to hear all the evidence as well as give me a fair hearing."

Notice of Appeal and attachment dated September 6, 2005.

First, the Court finds Mr. Gibbs's application entirely credible and sympathetic. The Court takes judicial notice that Gil A. Chachkes has resigned from the Bar for a "disciplinary reason". See www.courts.state.ny.us/attorneys. Although a litigant chooses counsel at his peril, Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), a party should not be punished for his attorney's mistake, see Estes-El v. Caufield, No. 80 Civ. 4472 (MEL), 1990 WL 16132, *2 (S.D.N.Y. Feb. 14, 1990) (citing Ford v. Fogarty Van Lines, Inc., 780 F.2d 1582, 1583 (11th Cir.1986); Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980)). Whereas generally, a litigant might have recourse against his attorney in a malpractice action under state law, what recourse Mr. Gibbs might have against his disbarred attorney is dubious at best. "In the present case... we have the unusual fact of the complete disappearance of plaintiff's attorney." Vindigni v. Meyer, 441 F.2d 376, 377 (2d Cir. 1971). Here, counsel's disregard of his professional responsibilities has led to extinction of his client's claim.

When Chachkes misrepresented the status of the case to plaintiff in March, he was still within time to file under 4(a)(6). However now, the district court's power does not permit consideration of plaintiff's notice of appeal as the 180-day period under F.R.A.P. Rule 4(a)(6) has expired. Whereas Fed. R. Civ. P. 77 prescribes that notice of entry of the judgment should be given, 77(d) specifically states "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." So even though the notice of entry of the judgment did not reach plaintiff, the Court cannot reenter the judgment on that basis. See Ryan v. First Unum Life, 174 F.3d 302, 305 (2d Cir. 1999)("The rule provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry."); Avolio v. County of Suffolk, 29 F.3d 50 (2d Cir. 1994) (If a party does not receive notice of entry of judgment from clerk, he may seek extension of time to file a notice of appeal at any time **up to 180 days after** entry of the judgment).

The Court has considered whether in the interest of justice it could withdraw and then reenter judgment in order to restart the period for plaintiff's appeal. I conclude that I cannot. See Ishay v. City of New York, 178 F.Supp.2d 314 (E.D.N.Y. 2001). The Court is without power to extend plaintiff's time to file the instant notice of appeal. Therefore, plaintiff's instant request to file his out of time appeal cannot be considered. Likewise, the Court cannot consider plaintiff's request to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915.

-4-

The Clerk of Court shall docket and transmit plaintiff's September 8, 2005 out of time appeal to the Court of Appeals.

SO ORDERED.

s/ Lois Bloom

Lois Bloom
United States Magistrate Judge

Dated: September 19, 2005
       Brooklyn, New York